IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES EDWARD COOPER,** | CV F 04-5921 OWW WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS |
| v. | |
| **CHUCK HARRISON, WARDEN,** | [Doc. 9] |
| Respondent. | |

    Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. Pending before the court is Respondent's motion to dismiss the petition. Petitioner has not opposed or otherwise responded to the petition.

    Petitioner has previously filed two petitions for writ of habeas corpus in federal court. The first petition, CV F 97-5120 OWW SMS P, was filed on January 29, 1997, and was denied on May 18, 1998. The second petition, CV F 02-6635 REC DLB HC, was filed on December 11, 2002, and dismissed as successive on September 30, 2003.

    Respondent moves to dismiss this petition on two grounds. First, Respondent moves

to dismiss the petition as untimely, arguing that it was filed outside the applicable one-year statute of limitations and that Petitioner is not entitled to equitable tolling.  Second, Respondent argues that the petition is successive and that Petitioner has not met the requirements for filing a second or successive petition in this court.  Because the court agrees with Respondent's second ground for dismissal, it finds it unnecessary to address the first.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997).  The instant petition was filed July 1, 2004, and thus is subject to the provisions of the AEDPA.

Under AEDPA's "gatekeeping" provisions, an applicant, such as Petitioner, seeking to file a second or successive petition must obtain from the appropriate court of appeals an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A).  Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underling the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A)-(B).  But even if a petitioner were to meet these requirements, he must first obtain permission from the appropriate court of appeals to file a second or successive petition before actually submitting the petition to the district court.  28 U.S.C.

2

§2244(b)(3)(A).

As Respondent argues, Petitioner has not obtained an order from the Court of Appeals for the Ninth Circuit authorizing him to file a successive petition in this court. Absent such an order, this court is precluded from considering this successive petition.

Based on the above, this court HEREBY RECOMMENDS that Respondent's motion to dismiss be GRANTED and that this petition be dismissed as successive. It is further recommended that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **twenty (20)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 16, 2006**          /s/  William M. Wunderlich
mmkd34                              UNITED STATES MAGISTRATE JUDGE